1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

| LUCIE WIGGINS, | Case No.:  21-CV-2079 JLS (MDD) |
| Plaintiff, | |
| v. | **ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND (3) GRANTING MOTION TO AMEND COMPLAINT** |
| OFFICE OF WORKERS COMPENSATION PROGRAMS; SECRETARY OF FEDERAL EMPLOYEE COMPENSATION ACT; and EMPLOYEES, | |
| Defendants. | (ECF Nos. 2, 3, 8) |

19

20

21

22

23

24

        Presently before the Court are Plaintiff Lucie Wiggins's Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2), Request for Appointment of Counsel ("Req. for Counsel," ECF No. 3), and Amended Complaint, which the Court, in its discretion, construes as a motion to amend her Complaint ("Mot. to Amend," ECF No. 8).  For the reasons set forth below, the Court **DENIES** Plaintiff's IFP Motion and Request for Counsel **WITHOUT PREJUDICE** and **GRANTS** Plaintiff's Motion to Amend.

25

**MOTION TO PROCEED *IN FORMA PAUPERIS***

26

**I.      Legal Standard**

27

28

        All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee.  28

1  U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only

2  if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).  Section

3  1915(a)(1) provides:

4       [A]ny court of the United States may authorize the
        commencement, prosecution or defense of any suit, action or
5       proceeding . . . without prepayment of fees or security therefor,
        by a person who submits an affidavit that includes a statement of
6       all assets such [person] possesses that the person is unable to pay
7       such fees or give security therefor.

8

9  As section 1915(a)(1) does not itself define what constitutes insufficient assets to warrant

10 IFP status, the determination of indigency falls within the district court's discretion.  *See*

11 *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically

12 requires the reviewing court to exercise its sound discretion in determining whether the

13 affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds*

14 *by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where

15 it alleges that the affiant cannot pay the court costs and still afford the necessities of life."

16 *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont*

17 *de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to

18 obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.

19 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some

20 particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

21 **II.    Analysis**

22      Plaintiff has not paid the $402 filing fee required to maintain a civil action in this

23 District and instead moves to proceed IFP.  Plaintiff submits a form affidavit of assets to

24 support her IFP Motion.  *See generally* IFP Mot.  Plaintiff also submits an affidavit in

25 support of her Request for Counsel.  *See* Req. for Counsel at 4–6.

26      In her Application to Proceed in District Court Without Prepaying Fees or Costs

27 ("IFP Affidavit," ECF No. 2), dated December 13, 2021, Plaintiff attests that she earns

28 $724 per month in retirement and $694 per month in disability for total monthly income of

1  approximately $1,460.  *Id.* at 1–2.  She is unemployed.  *Id.* at 2.  She claims monthly

2  expenses of $40 for utilities, $100 for home maintenance, $95 for food, $60 for clothing,

3  and $150 for medical and dental expenses, resulting in total monthly expenses of

4  approximately $445.  *Id.* at 4.  She does not expect any changes to her monthly income or

5  expenses in the next year.  *Id.* at 5.

6  Plaintiff, however, fails to answer many questions in the IFP Affidavit.  Of note,

7  when directed to list all her assets—such as a home, other real estate, or motor vehicles—

8  and their values, Plaintiff left the relevant section completely blank.  *Id.* at 3.  Likewise,

9  Plaintiff failed to complete the sections requesting information about her cash and bank

10  accounts as well as any debts she owes.  *Id.* at 2–3.  The IFP Affidavit is clear, however,

11  that the applicant should "[c]omplete all questions in this application and then sign it.  Do

12  not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A),"

13  write that response."  *Id.* at 1.

14  In her Affidavit in Support of Request for Counsel ("Counsel Affidavit," ECF No. 3

15  at 4–6), also dated December 13, 2021, Plaintiff attests that she is currently unemployed

16  but has received approximately $698 from "Workers Comp" and $742 from "SSDI" "in

17  the past twelve months."  *Id.* at 4.  She claims to have $1,000 in checking and/or savings

18  accounts.  *Id.* at 5.  She also claims to owe $6,000 in debts.  *Id.* at 6.  Finally, when asked

19  to list her monthly living expenses, Plaintiff indicates that she pays approximately $560 in

20  rent, $60 for "Lights," and $435 for her "Car Note."  *Id.*

21  In light of the foregoing, the Court finds that Plaintiff does not allege poverty with

22  particularity, definiteness, or certainty; therefore, she is not entitled to proceed IFP.  First,

23  Plaintiff's IFP Affidavit is incomplete; Plaintiff did not provide much of the requested

24  information.  Plaintiff's incomplete IFP Affidavit and unknown financial status alone

25  warrant denial of her request to proceed IFP, for section 1915(a)(1) requires that Plaintiff

26  attest to "***all assets*** [she] possess."  28 U.S.C. § 1915(a)(1) (emphasis added).

27  Second, the financial information to which Plaintiff does attest is inconsistent

28  between the two affidavits.  For example, in the IFP Affidavit, Plaintiff attests that she has

average monthly income of roughly $1,460, comprising $724 from retirement and $694 from disability, IFP Affidavit at 2; and average monthly expenses of $445, *id.* at 4. In contrast, in the contemporaneously dated and filed Counsel Affidavit, Plaintiff attests that she received, in a twelve-month period, $698 from "Workers Comp" and $742 from "SSDI," Counsel Affidavit at 4; and that her monthly expenses are roughly $1,055, including payments for rent and a car that are not included in the IFP Affidavit, *id.* at 6. Plaintiff does not account for these discrepancies in her day-to-day expenses and income.

In light of Plaintiff's inconsistent and incomplete attestations, the Court cannot glean whether Plaintiff is able to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

**III.    Conclusion**

Plaintiff's inconsistent and incomplete attestations do not demonstrate with "particularity, definiteness, or certainty" that Plaintiff lacks the financial resources to pay the $402 filing fee. Accordingly, the Court **DENIES** Plaintiff's IFP Motion. This denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP motion that accounts for the above-noted discrepancies and demonstrates that Plaintiff is not abusing the IFP process, which could result in dismissal of this action or other sanctions.[1] *See Newsome v. Loterzstain*, No. 2:19-cv-0307-JAM-EFB P, 2020 WL 4501813, at *3 (E.D. Cal. Aug. 5, 2020) ("[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is[.]"); *Tuck v. Capitol One Bank*, Case No.: 3:17-cv-01555-BEN-AGS, 2017 WL 6547739, at *3 (S.D. Cal. Dec. 20, 2017) ("[E]ven if Plaintiff's Amended IFP Application, viewed in isolation, might otherwise justify allowing him to proceed IFP, IFP 'status is a privilege which may be denied when abused.'" (quoting *Toodle v. Jones*, 02:09-

---

[1] Not only did Plaintiff sign the IFP Affidavit "under penalty of perjury," but with an "understand[ing] that a false statement may result in a dismissal of [her] claims." IFP Affidavit at 1.

1    CV-0944, 2009 WL 2230704, at *1 (W.D. Pa. July 23, 2009))).   The Court reminds

2    Plaintiff that she signed the IFP and Counsel Affidavits under penalty of perjury that they

3    are true and correct (IFP Affidavit at 1; Counsel Affidavit at 6) and will likewise sign any

4    renewed IFP motion under penalty of perjury.  *See Tuck*, 2017 WL 6547739, at *3

5    ("Plaintiff is further remined that an IFP application is made under penalty of perjury, and

6    any false statements may result in a dismissal of claims . . . .").

7                    **REQUEST FOR APPOINTMENT OF COUNSEL**

8            Plaintiff also requests the Court appoint an attorney to represent her because "[she]

9    need[s] assistance."  Req. for Counsel at 3.

10           The Constitution provides no right to appointment of counsel in a civil case unless

11   an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept.*

12   *of Soc. Servs.*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district

13   courts have the discretion to appoint counsel for indigent persons.   This discretion,

14   however, may be exercised only under "exceptional circumstances."  *Terrell v. Brewer*,

15   935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an

16   evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to

17   articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither

18   of these issues is dispositive and both must be viewed together before reaching a decision."

19   *Id.*  (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

20           The Court finds Plaintiff has not satisfied the standards for appointment of counsel

21   under 28 U.S.C. § 1915(e)(1).  First, Plaintiff's Complaint has not yet been served or

22   answered.  The likelihood of Plaintiff's success on the merits in this case is therefore not

23   yet clear at the early stage of the litigation.  Second, Plaintiff seems to have successfully

24   navigated the court system thus far, filing a detailed Complaint and the instant IFP Motion

25   and Request for Counsel.  This indicates that Plaintiff at least has a basic understanding of

26   and ability to litigate this action.  Finally, although Plaintiff attests she made "diligent

27   efforts to obtain counsel," Req. for Counsel at 2, she does not list any attorneys she has

28   approached regarding representation, *see id.*  Thus, the Court finds that neither the interests

1   of justice nor any exceptional circumstances warrant appointment of counsel at this time
2   and **DENIES** Plaintiff's Request for Counsel.  However, this denial is **WITHOUT**
3   **PREJUDICE** should Plaintiff later be able to make the requisite showing of exceptional
4   circumstances.

5                          **MOTION TO AMEND COMPLAINT**

6           Finally, Plaintiff has filed a document purporting to be an Amended Complaint that
7   indicates "[she] would like to amend" her complaint to assert additional claims and seek
8   additional relief.  *See* ECF No. 8.  Under this District's Civil Local Rules, however,
9   "[e]very pleading to which an amendment is permitted as a matter of right or has been
10  allowed by court order, must be complete in itself without reference to the superseded
11  pleading."  S.D. Cal. CivLR 15.1(a).  Plaintiff's "Amended Complaint" is not "complete
12  in itself."  Accordingly, the Court, in its discretion, construes Plaintiff's filing as a motion
13  seeking the Court's leave to file an amended complaint.

14          Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint
15  once as a matter of course within specified time limits.  Fed. R. Civ. P. 15(a)(1).  "In all
16  other cases, a party may amend its pleading only with the opposing party's written consent
17  or the court's leave.  The court should freely give leave when justice so requires."  Fed. R.
18  Civ. P. 15(a)(2).  Courts generally grant leave to amend absent a showing of "undue delay,
19  bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
20  by amendments previously allowed, undue prejudice to the opposing party by virtue of
21  allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178,
22  182 (1962).  "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit
23  amendment is a decision 'entrusted to the sound discretion of the trial court.'"  *EFG Bank*
24  *AG, Cayman Branch v. Transam. Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL
25  5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v.*
26  *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311,
27  1324 (9th Cir. 1982)).
28  / / /

Given the early stage of these proceedings and the fact that Plaintiff has yet to serve any defendant in this action, the Court finds that the liberal policy in favor of amendment merits the granting of Plaintiff's request.

**CONCLUSION**

Good cause appearing, the Court:

1. **DENIES WITHOUT PREJUDICE** Plaintiff Motion to Proceed IFP (ECF No. 2). No later than thirty (30) days from the date of this Order, Plaintiff shall either: (1) pay the $402 filing fee required to maintain an action is this District; or (2) file a renewed motion to proceed IFP that accounts for the discrepancies identified by the Court and demonstrates that Plaintiff is not abusing the IFP process.[2] ***Plaintiff is hereby on notice that if she fails to pay the $402 filing fee or file a renewed IFP motion within thirty (30) days from the date of this Order, the Court will dismiss this action without prejudice***;

2. **DENIES WITHOUT PREJUDICE** Plaintiff's Request for Appointment of Counsel (ECF No. 3). Should circumstances change, Plaintiff may be permitted to file a renewed motion seeking appointment of counsel; and

3. **GRANTS** Plaintiff's Motion to Amend (ECF No. 8). The Court **GRANTS** Plaintiff thirty (30) days' leave from the date of this Order in which to file an amended complaint that is complete in itself, without reference to Plaintiff's original Complaint (ECF No. 1). ***Should Plaintiff fail to file an amended complaint within thirty (30) days of the date of this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his

---

[2] The Court reminds Plaintiff that, should she refile an IFP motion that sufficiently assures the Court that she is entitled to IFP status and is not abusing the IFP process, her Complaint will undergo mandatory pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Under section 1915(e)(2)(B), the Court must *sua sponte* dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants.

1   complaint, a district court may convert the dismissal of the complaint into dismissal

2   of the entire action.").

3   **IT IS SO ORDERED.**

4   Dated:  February 15, 2022

5   Hon. Janis L. Sammartino
    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-CV-2079 JLS (MDD)